UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERNEST A. AND BERNIECE C. HUNTER,          :

              Petitioners,          :          09 Civ. 4268 (JSR) (GWG)

    -v.-          :          REPORT AND
                          RECOMMENDATION
COMMISSIONER OF INTERNAL REVENUE,          :

              Respondent.          :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Ernest A. and Berniece C. Hunter filed this suit pro se principally to challenge the

imposition of civil penalties by the Internal Revenue Service ("IRS") pursuant to 26 U.S.C.

§ 6702 of the Internal Revenue Code.  The Commissioner of Internal Revenue has moved to

dismiss the complaint because it was filed prior to the date permitted by statute and also because

it is moot.  For the reasons stated below, the Commissioner's motion should be granted.

I.      <u>BACKGROUND</u>

      As described in section 2.A, the Government's motion should be treated as one for

summary judgment.  The following facts are either taken from the complaint or are based on

affidavits submitted by the Government that have not been controverted.

      Petitioners,[1] husband and wife, assert that a levy of $5,000 was instituted against them by

the IRS in response to their submission of an allegedly "false and frivolous tax return for the

year ending December 2007."  <u>See</u> Amended Petition, filed Aug. 25, 2009 (Docket # 8) ("Pet."),

---

      [1] The plaintiffs refer to themselves as "petitioners" and to their complaint as a "petition."
While the initial pleading in a refund suit such as this is normally referred to as a "complaint"
and the person filing it as a "plaintiff," we will use the nomenclature the Hunters themselves
have used.

at 1.

On May 22, 2008, the IRS mailed the Hunters a "[n]otice delineating the liability of

$5,000." Id. at 2.  This notification stated that the IRS intended to impose penalties pursuant to

26 U.S.C. § 6702 in the amount of $5000 because the petitioners had filed a "frivolous" tax

return for the tax year 2007.  Letter from Dennis L. Paig (last name partially illegible) to Ernest

A. and Berniece C. Hunter, dated May 22, 2008 (annexed as Ex. 1 to Supplement to Notice of

Petition, filed June 19, 2009 (Docket # 4) ("Pet. Supp.")).[2]  The Hunters responded to this letter

on June 3, 2008, Pet. at 3, stating that there was a "reasonable basis for the tax treatment"

submitted by the petitioners, including a $4,000.00 claimed expense for daily library attendance

and a $3,354.05 deducted expense based on the "storage of household furnishing[s] and other

records for safe keeping" during repairs to their apartment.  See Letter from Ernest A. and

Berniece C. Hunter to Mrs. Ranson, dated June 3, 2008 (annexed as Ex. 3 to Pet. Supp.) ("June 3

letter"), at 1.  On January 30, 2009, the IRS mailed the Hunters a Notice of Deficiency.  Pet. at 3;

Letter from Henry Slaughter to Berniece C. Hunter, dated Jan. 30, 2009 (annexed as Ex. 2 to

Pet.) ("Notice of Deficiency").  In that Notice, the IRS stated that petitioners owed $5,313.58,

which included penalties and interest.  Notice of Deficiency at 1.

On April 28, 2009, the Hunters filed a claim for refund on the standard Form 843.  See

Form 843 Claim for Refund and Request for Abatement, dated Apr. 28, 2009 (annexed to

Petition, filed Apr. 30, 2009 (Docket # 1) ("Original Pet.")).[3]  Two days later, on April 30, 2009,

---

[2] Where necessary, the Court has added page and exhibit numbers to this and other
documents.

[3] The date actually written on this form, April 28, 2007, is obviously an error.  Inasmuch
as the date is only relevant to whether the suit was filed prematurely and we do not reach that

2

the Hunters filed this lawsuit, challenging the imposition of the penalties under section 6702.

<u>See</u> Original Pet.  They filed an amended petition on August 25, 2009, <u>see</u> Pet., raising virtually

the same points, but seeking "to be restored all levied funds, [and] compensated for all damages

and costs sustained" in the prosecution of this case, <u>id.</u> at 4, and attaching five additional Forms

843, <u>see</u> Pet. Ex. 9-13, which were received by the IRS in August 2009, <u>see</u> Memorandum of

Law in Support of Respondent's Motion to Dismiss, filed Jan. 15, 2010 (Docket # 12) ("Resp.

Mem."), at 3.  There appear to be no additional claims in the amended petition based on these

Forms 843, however.[4]

      After the Hunters filed this suit, the IRS decided to abate the penalties and interest

assessed against the Hunters under section 6702 for the tax year 2007.  <u>See</u> Declaration of

Linsey J. White, filed Jan. 15, 2010 (Docket # 13) ("White Decl.") ¶ 2.  On October 16, 2009,

<u>id.</u>, the IRS wrote letters to both petitioners informing them of this action, <u>see</u> Letter to Ernest A.

Hunter from Ms. White, undated and Letter to Berniece C. Hunter from Ms. White, dated Oct.

16, 2009 (annexed as Ex. 1 to White Decl.) ("Abatement letters").  The abated penalties and

accrued interest were released to the Hunters in November, White Decl. ¶ 3, and their IRS

account statements now reflect a zero balance for the tax year 2007, <u>see</u> Declaration of George

Vazquez, filed Apr. 12, 2010 (Docket # 19) ("Vazquez Decl.") ¶¶ 2, 3; Account Transcript for

Ernest A. Hunter, dated Mar. 22, 2010 (annexed as Ex. A to Vazquez Decl.), and a $290.00

---

question here, it is unnecessary to discuss the reason why the date on the form is incorrect.

      [4] The amended petition asserts vaguely that petitioners had "filed 843 Forms to retrieve
moneys remitted to [the] IRS to defray their tax obligations in the excess for tax years 2007 and
2008, by the State of New York."  Pet. at 2-3.  But the amended petition does not explain what
specific claims are based on these forms.

balance in Mr. Hunter's favor on his account transcript for the section 6702 penalty, Vazquez

Decl. ¶ 2(a); Section 6702 Account Transcript, dated Mar. 22, 2010 (annexed as Ex. B to

Vazquez Decl.).

In connection with the abatement, a check was issued for $293.74 to Mr. Hunter,

representing the amount of a New York school tax refund that had been levied upon.  See Letter

from Jacquelyne Yarbrough to Ernest A. Hunter, dated Jan. 29, 2010 (annexed as Ex. 26 to

Memorandum of Law in Opposition to Respondent's Motion to Dismiss, filed Mar. 16, 2010

(Docket # 17) ("Pet Opp.")).  The Hunters, however, returned the check for $293.74 to the IRS

because they wanted the check to be issued to them by the State of New York in both of their

names.  See Letter from Ernest A. and Berniece C. Hunter, dated Jan. 11, 2010 to Maria

McKinney (annexed as Ex. 24 to Pet. Opp.) ("School Tax letter"), at 2.  The IRS has credited

Mr. Hunter's IRS account for $290.00, see Vazquez Decl. ¶ 2(a); Section 6702 Account

Transcript at 1.

The Commissioner has now moved to dismiss the amended petition.  See Notice of

Motion, filed Jan. 15, 2010 (Docket # 11); Resp. Mem.; White Decl; Notice to Pro Se Litigant

Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings, filed Mar. 10,

2010 (Docket # 15) ("Pro Se Notice").  The motion seeks to dismiss the Hunters' case because

(1) "it was filed before the expiration of the six-month statutory waiting period" mandated by 26

U.S.C. § 6532, Resp. Mem. at 4-6, and (2) the petition is moot because the penalties have been

abated, id. at 7.  The Hunters filed opposition papers, consisting of a memorandum with attached

affidavits and exhibits.  See Pet. Opp.  The Commissioner submitted reply documents.  See

Reply Memorandum of Law in Further Support of Respondent's Motion to Dismiss, filed

Apr. 12, 2010 (Docket # 18); Vazquez Decl.

II.       DISCUSSION

          A.       Applicable Law

While the Commissioner has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or for judgment on the pleadings under Fed. R. Civ. P. 12(c), he has also submitted affidavits in support of his motion.  Where such materials are considered by a court, "the motion must be treated as one for summary judgment," disposed of as provided in Fed. R. Civ. P. 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d); accord Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000) (where materials outside the pleadings are presented on a motion to dismiss, a court "must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material") (citations and internal quotations omitted).

In accordance with Local Civil Rule 12.1, the Commissioner served the Hunters with a "Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings."  See Pro Se Notice.  That notice warned the Hunters that this Court might treat the Commissioner's motion as a motion for summary judgment under Fed. R. Civ. P. 56 and informed the Hunters of their obligation to submit evidence.  Id. at 1-2.  It also informed the Hunters that if they did not provide "affidavits or documentary evidence contradicting the facts asserted by the Defendant, the court may accept Defendant's factual assertions as true."  Id. at 2.

It is appropriate to treat the Commissioner's motion as one for summary judgment because the Hunters were put on notice of the possibility of such treatment, they were informed

of their obligation to submit evidence contradicting the facts asserted by the Commissioner, and

they in fact submitted an affidavit and exhibits in response to the Commissioner's papers.  See

Affidavit in Opposition to Respondent's Motion, dated Mar. 15, 2010 (annexed to Pet. Opp.);

Exs. to Pet. Opp.; see, e.g., In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985) ("A

party cannot complain of lack of a reasonable opportunity to present all material relevant to a

motion for summary judgment when both parties have filed exhibits, affidavits,

counter-affidavits, depositions, etc. in support of and in opposition to a motion to dismiss.")

(citation omitted), cert. denied, 475 U.S. 1015 (1986); accord Groden v. Random House, Inc., 61

F.3d 1045, 1052-53 (2d Cir. 1995).

   Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment is

appropriate when "the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  A genuine issue of material

fact "may reasonably be resolved in favor of either party" and thus should be left to the finder of

fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

   In determining whether a genuine issue of material fact exists, courts must resolve all

ambiguities and draw all factual inferences in favor of the non-moving party.  Id. at 255 (citing

Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)).  Nevertheless, once the moving

party has shown that there is no genuine issue as to any material fact and that it is entitled to a

judgment as a matter of law, "the nonmoving party must come forward with 'specific facts

showing there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original), and "may not

rely on conclusory allegations or unsubstantiated speculation," Jeffreys v. City of N.Y., 426 F.3d

549, 554 (2d Cir. 2005) (quoting Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 428 (2d Cir.

2001) (internal quotation marks omitted)).  In sum, the non-movant must offer "concrete

evidence from which a reasonable juror could return a verdict in his favor."  Anderson, 477 U.S.

at 256.

      B.    Analysis

      While the Commissioner's arguments regarding the premature filing of the petition have

merit, see 26 U.S.C. § 6532(a)(1) (requiring a taxpayer to forgo filing suit until 6 months after

the filing of a claim for refund or until after the IRS rules on the claim), it is unnecessary to

reach this ground as the suit is moot and any other claims must be dismissed.[5]

      1.    Claims Regarding 6702 Penalty

      The United States Constitution limits federal judicial power to "cases" and

"controversies."  U.S. Const. Art. III, § 2.  "'In order to satisfy the case-or-controversy

requirement, a party must, at all stages of the litigation, have an actual injury which is likely to

be redressed by a favorable judicial decision.'"  United States v. Williams, 475 F.3d 468, 478-79

(2d Cir. 2007) (quoting United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999) (citing

Spencer v. Kemna, 523 U.S. 1, 7 (1998))), cert. denied, 552 U.S. 1105 (2008).  A case becomes

moot "'if an event occurs during the course of the proceedings or on appeal that makes it

impossible for the court to grant any effectual relief whatever to a prevailing party.'"  Id. at 479

(quoting United States v. Blackburn, 461 F.3d 259, 261 (2d Cir. 2006)).

      Here, the IRS penalty accounts were abated with interest to petitioners, see White Decl.

---

[5] Also, the Hunters could simply refile their suit as it would now be timely.

¶¶ 2, 3; Abatement letters, and all of their accounts now reflect a zero balance, save for the

positive $290.00 balance in favor of Mr. Hunter, see Vazquez Decl. Ex. A-D.  The Hunters do

not dispute this.  See, e.g., Pet. Opp. at 1 (acknowledging "withdrawal of penalties via

abatement").  Accordingly, the Hunters' claims challenging the deficiency notice (or seeking to

enjoin collection of the penalty) are moot.  See, e.g., Gardner v. I.R.S., 2000 WL 34327006,

at *2, 4 (D.N.M. Dec. 14, 2000) (request for injunction against future IRS collections deemed

moot where IRS abated frivolous return penalty under section 6702); Sequa Corp. v. United

States, 1999 WL 628286, at *2 (S.D.N.Y. June 8, 1999) (plaintiff's claim for refund rendered

moot by IRS's decision to refund); Rakosi v. United States, 1991 WL 191245, at *3 (D. Ariz.

July 22, 1991) (lien release rendered plaintiff's claim for such a release moot).

### 2.    Other Claims

The Hunters make a few arguments that fail to show that they have suffered any injury

that could be redressed through a favorable judicial decision or that they have any claims

remaining over which this Court has jurisdiction.  Their papers are very difficult to understand

but it appears that they assert that the $290 credit retained in Mr. Hunter's account should be

refunded to them jointly by New York state.  See Statement of Material Facts in Opposition to

Respondent's Motion for Summary Judgment, dated Mar. 15, 2010 (annexed to Pet. Opp.) ("Pet.

Facts"), at 1-2; School Tax letter.  They point to no statute, however, that would empower the

Commissioner to take such an action and the Court is aware of none.  The Hunters filed suit for a

refund, see Pet. at 1-5, and that is exactly what the IRS gave them, see 26 U.S.C. § 7422(d)

("The credit of an overpayment of any tax in satisfaction of any tax liability shall, for the

purpose of any suit for refund of such tax liability so satisfied, be deemed to be a payment in

respect of such tax liability at the time such credit is allowed.").

Elsewhere, the Hunters assert that they were harassed by the IRS and are entitled to economic damages and costs for prosecution of this action.  See Pet. at 3-4; Pet. Opp. at 3-4. However, for the Court to have subject matter jurisdiction over these claims, the Hunters must point to a waiver of sovereign immunity.  See Presidential Gardens Assocs. v. U.S. Sec'y of Hous. & Urban Dev., 175 F.3d 132, 139 (2d Cir. 1999) ("The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction . . . .") (citing United States v. Mitchell, 463 U.S. 206, 212 (1983)).  In the absence of a waiver, a court must dismiss a plaintiff's claims for lack of subject matter jurisdiction.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The only statute cited by the Hunters with respect to this claim is 26 U.S.C. § 7433.  Pet. Facts at 1.

Section 7433 creates a private cause of action for a taxpayer to recover damages "in connection with any collection of Federal tax."  26 U.S.C. § 7433(a).  To be actionable, the collection must have resulted from an action by an IRS employee who "disregarded" a provision of the Internal Revenue Code.  Id.  A complaint under section 7433 "must be dismissed unless it alleges facts sufficient to demonstrate that IRS employees recklessly or intentionally disregarded some provision or regulation of the Internal Revenue Code."  Hynard v. I.R.S., 233 F. Supp. 2d 502, 510 (S.D.N.Y. 2002), aff'd, 87 F. App'x 220 (2d Cir. 2004).  Even construed liberally, the Hunters' petition does not identify any act of collection that was taken in violation of the Internal Revenue Code.  Instead, they simply challenge the underlying imposition of the penalty.  Section 7433, however, grants a private right of action only for impropriety in the "collection" of Federal tax and thus "a taxpayer cannot seek damages under § 7433 for an improper assessment of taxes."  Shaw v. United States, 20 F.3d 182, 184 (5th Cir.), cert. denied, 513 U.S. 1041 (1994).

Nor can the Hunters bring a "wrongful levy" claim under 26 U.S.C. § 7426(a)(1) because this statute only permits suit by a person "other than the person against whom is assessed the tax out of which the levy arose.'"  Accord Harriman v. United States, 2009 WL 789435, at *2 (E.D.N.Y. Mar. 20, 2009) ("To the extent that Plaintiff's Amended Complaint alleged claims for unlawful levy and a violation of the Internal Revenue Code, the Court would lack jurisdiction under any such claims because Congress has not waived sovereign immunity with respect to wrongful levy claims brought by taxpayers.").[6]

In sum, the Hunters' claims should be dismissed for lack of subject matter jurisdiction; they are moot and/or not properly before this Court.  The Court notes that in making this determination, it has not considered any additional factual allegations made for the first time in petitioner's opposition memorandum.[7]

Conclusion

For the foregoing reasons, the motion to dismiss (Docket # 11) should be granted.  In light of their pro se status, the dismissal should be with leave to amend in the event that the Hunters can state claims consistent with any order dismissing this action.

---

[6] The Hunters also cite to section 6304 as a basis for their harassment claim.  See Pet. at 4.  However, that section merely describes the type of harassing behavior that gives rise to a private cause of action under section 7334.  See 26 U.S.C. § 6304.

[7] In addition to challenging the penalty, the petitioners requested the "Court's assistance to assure [sic] that [Mr. Hunter] continues to receipt [sic] his mail in Post Office Box 452 until his rent control property rights are determined by [the] New York State Courts."  Pet. at 4.  The Hunters' claim for assistance to ensure that Mr. Hunter continues to receive his mail in Post Office Box 452 until his "rent control property rights are determined by [the] New York State Courts," id., has already been dismissed in a different matter, see Order, dated Oct. 5, 2009 in Hunter v. Superintendent - Colonial Park, No. 09 Civ. 5622, appeal filed Nov. 6, 2009.  In any event, the Post Office is not a party before the Court, and thus there is no allegation that the Commissioner of Internal Revenue has any power to act in this area.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have fourteen (14) days including weekends and holidays from service of

this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a),

(b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the

Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street,

New York, New York 10007.  Any request for an extension of time to file objections must be

directed to Judge Rakoff.  If a party fails to file timely objections, that party will not be permitted

to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474

U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd &

Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: June 29, 2010
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Ernest A. Hunter
2816 8th Avenue, Apt. 5A
New York, NY 10039

Berniece C. Hunter
101 West 147th Street 9H
New York, NY 10039

Ernest Hunter
Berniece C. Hunter
P.O. Box 452
New York, NY 10039

11

Michael J. Byars
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have fourteen (14) days including weekends and holidays from service of

this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a),

(b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the

Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street,

New York, New York 10007. Any request for an extension of time to file objections must be

directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted

to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474

U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd &

Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: June 29, 2010
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Ernest A. Hunter
2816 8th Avenue, Apt. 5A
New York, NY 10039

Berniece C. Hunter
101 West 147th Street 9H
New York, NY 10039

Ernest Hunter
Berniece C. Hunter
P.O. Box 452
New York, NY 10039

11